**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:17-CR-203-ALM-KPJ |
| **HORACIO LUGO MORALES (41),** | § § § | |
| Defendant. | § § § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Horacio Lugo Morales' ("Defendant") Motion to Suppress (the "Motion") (Dkt. 542), the matter having been referred to the undersigned by the Honorable Amos L. Mazzant, III (*see* Dkt. 501). The Government filed a Response in opposition to the Motion (Dkt. 542). As set forth below, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

Defendant is charged in this matter with a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), five kilograms or more of a mixture or substance containing a detectable amount of cocaine, 1 kilogram or more of heroin, and a mixture or substance containing a detectable amount of marijuana, a violation of 21 U.S.C. § 841(a)(1).

According to the Motion, Officer Slicker, an Irvine Police Officer, was working on an investigation as a Drug Enforcement Agency ("DEA") task force officer. *See* Dkt. 486 at 3. In this capacity, Officer Slicker received authorization from a United States District Judge in the Eastern

District of Texas for the interception of wire communications (the "wiretap"). *See id*.; Dkt. 542 at 1. During the wiretap, a call was received from phone number "52-452-191-5192." *See* Dkt. 486 at 3–4; Dkt. 542 at 1–2. The Government obtained records regarding this phone number from a third-party, TELCEL, which is a Mexican telephone company. *See* Dkt. 542 at 1–2; Dkt. 486 at 4.

Defendant seeks to suppress the telephone records received from TELCEL because: (1) officers did not get a warrant before obtaining the telephone records from TELCEL; (2) there were no exigent circumstances that justified the warrantless search of Defendant's cellular phone records; and (3) the Government did not comply with 18 U.S.C. § 2703, the Stored Communications Act.

## II. ANALYSIS

At issue is whether the Government was required to either: (1) obtain a warrant before seeking information from third-party telephone carriers prior to receiving subscriber or toll records; or (2) comply with the terms of the Stored Communications Act in seeking telephone records from foreign companies operating outside the United States. Upon review, the Court finds that the answer to both questions is no, and accordingly, Defendant's Motion should be **DENIED**.

### A. WARRANT REQUIREMENTS

No search warrant is required to obtain telephone data from a third-party operating in Mexico. The data obtained in this case is the subscriber records and toll records or call detail records for Defendant's phone number. *See* Dkt. 542 at 1. These records include the subscriber number of callers, length of service, and types of services the customer used, as well as the details of telephone calls or text messages that passed through a device, such as date, time, duration, completion status, source number, and destination number. *See id*. at 1–2. This is the type of

consumer telephone data addressed by the Supreme Court in *Smith v. Maryland*, 442 U.S. 735 (1979).

In *Smith*, the Supreme Court held that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith*, 442 U.S. at 743–44. The Court found that because the defendant voluntarily used his phone, he "voluntarily conveyed numerical information to the telephone company and 'exposed' that information to its equipment in the ordinary course of business." *Id*. at 744. As a result, he "assumed the risk that the company would reveal to police the numbers he dialed." *Id*. Thus, the *Smith* Court found the defendant had no reasonable expectation of privacy in such information, and therefore, no warrant was required to obtain it. *Id*. at 744–46. The information sought in this case is comparable to that sought in *Smith*; accordingly, no warrant was required. *See Smith*, 442 U.S. at 743–44; *In re U.S. for Historical Cell Site Data*, 724 F.3d 600, 610 (5th Cir. 2013) ("[O]nce an individual exposes his information to a third party, it can be used for any purpose, as it is established that, when a person communicates information to a third party *even on the understanding that the communication is confidential*, he cannot object if the third party conveys that information or records thereof to law enforcement authorities.").

The Motion states that "[t]he DEA [agent] investigating the case sought the Cellular Phone Records of MR. MORALES from a Third-Party Carrier." Dkt. 486 at 5 (emphasis in original). Defendant voluntarily communicated the subscriber records and toll records to TELCEL by choosing to use its services and voluntarily making and receiving calls. The records of Defendant's cellular history were stored by TELCEL at TELCEL's discretion. Thus, because the data was voluntarily disclosed to TELCEL, TELCEL can store or disclose it to law enforcement authorities without transforming the disclosure into a search. *See in re Historical Cell Site Data*, 724 F.3d at

613–14 (distinguishing the caller's voluntary conveyance of information regarding the number dialed from a caller's physical location—which is conveyed involuntarily as a necessary function of using cellular telephone technology). The information conveyed by TELCEL to law enforcement was not the product of a search and no warrant was required. Because no warrant was required, Defendant's argument regarding exigent circumstances is inapplicable. *See* Dkt. 486 at 7. As such, this is not a valid ground for suppression in this case.

### B. THE STORED COMMUNICATIONS ACT

Defendant argues the Government failed to comply with 18 U.S.C. §§ 2701 *et seq.*, the Stored Communications Act (the "SCA"), by seeking access to the contents of communications without judicial approval. *See* Dkt. 486 at 5. The SCA regulates disclosure of stored electronic communications by service providers. *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 250 (5th Cir. 2017) (internal quotations omitted). The Government may require service providers to disclose the contents or records of any wire or electronic communication only pursuant to a valid warrant, subpoena, or court order. 18 U.S.C. § 2703(a)–(c). In this case, Defendant does not plead any facts which support consideration under the SCA: Defendant does not allege the Government "required" TELCEL to disclose Defendant's records. On the facts presented, it appears TELCEL voluntarily produced records which belong to TELCEL. *See* Dkt. 486 at 4–5; Dkt. 542 at 3.

Moreover, the SCA does not apply extraterritorially. *See Matter of Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corp.*, 829 F.3d 197, 210 (2d Cir. 2016), *rev'd on other grounds in United States v. Microsoft Corp.*, 138 S. Ct. 356 (2017); *In re Search Warrant Issued to Google, Inc.*, 264 F. Supp. 3d 1268, 1271–72 (N.D. Al. Sep. 1, 2017) (collecting cases); *In re Search Warrant to Google, Inc.*, 2017 WL 2985391, at *3–4 (D.N.J. July

4

10, 2017). Nor is suppression the remedy for violation of the SCA. *United States v. Guerrero*, 768 F.3d 351, 358 (5th Cir. 2014) (holding that the remedy for violation of the SCA is not suppression). For these reasons, the SCA is not grounds for suppression in this case.

### III.   CONCLUSION

For these reasons, the Court recommends that Defendant's Motion to Suppress (Dkt. 486) be **DENIED** in its entirety.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of March, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE