IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:17-CR-203-ALM-KPJ |
| HORACIO LUGO MORALES (41), | § § § | |
| Defendant. | § § § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Horacio Lugo Morales' ("Defendant") Motion to Sever (the "Motion") (Dkt. 527). The Government filed a Response in opposition to the Motion (Dkt. 543). As set forth below, the Motion should be **DENIED**.

## I.  BACKGROUND

Defendant is charged in this matter with a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), five kilograms or more of a mixture or substance containing a detectable amount of cocaine, 1 kilogram or more of heroin, and a mixture or substance containing a detectable amount of marijuana, a violation of 21 U.S.C. § 841(a)(1). Defendant is one of forty-four individuals charged in this case. *See* Dkt. 1.

Defendant moves to sever his trial from that of his codefendants. *See* Dkt. 527. Defendant argues severance is warranted because: (1) a joint trial will impede his right to a speedy trial; (2) presentation of evidence regarding methamphetamine and cocaine distribution will confuse the jury as Defendant is alleged to have "launder[ed] the money" for the conspiracy; (3) a joint trial

will hamper Defendant's right to remain silent; and (4) a joint trial will infringe up on Defendant's right to confront the witnesses against him.

## II.  LEGAL STANDARDS

### A. PROPRIETY OF JOINDER UNDER RULE 8(b)

In cases involving "multiple defendants as well as multiple counts, Rule 8(b) . . . provides the relevant standard." *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988) (citation omitted). Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

FED. R. CRIM. P. 8(b). "Joinder of charges is the rule rather than the exception[,] and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citation omitted).

Whether joinder is proper is determined from the allegations in the indictment, which, absent any suggestion of prosecutorial misconduct, are accepted as true. *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012) (citation omitted); *Kaufman*, 858 F.2d at 1003 (citation omitted); *see also United States v. Potashnik*, 2008 WL 5272807, at *4 (N.D. Tex. Dec. 17, 2008) ("Rule 8(b) requires the trial court to determine the propriety of joinder of *defendants*, by looking to the *substance of the counts* in the indictment, and whether the defendants are alleged to have participated in the same act or transaction, or same series of acts or transactions.") (original emphasis). "Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining the relatedness of the facts underlying each offense." *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (internal quotation marks omitted). Proper joinder requires that the offenses charged "must be shown to be part of a single plan or scheme," and that

2

"[p]roof of a common scheme is typically supplied by an overarching conspiracy from which stems each of the substantive counts." *United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984), *rev'd on other grounds*, 474 U.S. 438 (1986); *see also United States v. Krout*, 66 F.3d 1420, 1429 (5th Cir. 1995) (Rule 8(b)'s requirement is ordinarily satisfied by the allegation of an overarching conspiracy that encompasses the substantive offenses charged in the indictment.); *United States v. Phillips*, 664 F.2d 971, 1016 (5th Cir. 1981), *overruled in other respects based on a rule amendment*, *United States v. Huntress*, 956 F.2d 1309 (5th Cir. 1992) ("It is well settled that joinder under Rule 8(b) is proper where an indictment charges multiple defendants with participation in a single conspiracy and also charges some but not all of the defendants with substantive counts arising out of the conspiracy."). The Government, however, is not required to allege a conspiracy in order to join defendants or counts. *See McRae*, 702 F.3d at 821 (citing *United States v. Dennis*, 645 F.2d 517, 520 (5th Cir. 1981)) ("Although multi-defendant and multi-offense indictments often charge a conspiracy among some or all defendants, we have repeatedly rejected the contention that proper joinder of multiple defendants and multiple offenses requires a conspiracy charge."). In *Dennis*, the Fifth Circuit stated, "It is clear that the government need not allege a conspiracy in order to join defendants or counts." 645 F.2d at 520. Instead, "[w]hat is required is a series of acts unified by some 'substantial identity of facts or participants.'" *Id.* (quoting *United States v. Nettles*, 570 F.2d 547, 551 (5th Cir. 1978) ).

### B. RULE 14 SEVERANCE

Rule 14 provides the court with flexibility in its management of the case when a joint trial may appear to risk creating prejudice to a party. Severance under Rule 14 is based on the trial court's discretion. *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if

any, to the district court's sound discretion."). Rule 8(b), by contrast, "requires the granting of a motion for severance unless its standards are met, even in the absence of prejudice." *Id.*

Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *McRae*, 702 F.3d at 821 (quoting *Zafiro*, 506 U.S. at 537). "It is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'" *Id.* (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); *see also United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998) ("Joinder is the rule rather than the exception[.]"); *United States v. Featherston*, 949 F.2d 770, 773 (5th Cir. 1991) ("This rule is especially strong when the defendants are charged with committing the same conspiracy."). "But at the same time, the Federal Rules of Criminal Procedure recognize that circumstances may be presented where the prejudice to a defendant from joinder with a co-defendant(s) in a joint trial overrules the interest in judicial economy." *McRae*, 702 F.3d at 821–22.

"To surmount this heavy presumption [in favor of joinder], a defendant must show that '(1) the joint trial prejudice[s] him to such an extent that the district court [can]not provide adequate protection; and (2) the prejudice outweigh[s] the government's interest in economy of judicial administration.'" *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (quoting *United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012)). "Generic allegations of prejudice will not suffice, for 'neither a quantitative disparity in the evidence nor the presence of a spillover effect

4

requires a severance.'" *Id.* (quoting *Krout*, 66 F.3d at 1430). A defendant must show a "specific compelling prejudice" resulting from joinder. *United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007); *see also United States v. Hamilton*, 694 F.2d 398, 401 (5th Cir. 1982) ("[T]he defendant bears a heavy burden of showing specific and compelling prejudice."); *United States v. Park*, 531 F.2d 754, 762 (5th Cir. 1976) (Under Rule 14, "The burden of demonstrating prejudice is a difficult one. . . . The defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal."). Prejudice occurs when there is a serious risk that a jury will be prevented "from making a reliable judgment about guilt or innocence." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008). A district court's decision not to sever counts will only be reversed if "the defendant can convincingly demonstrate that a genuine prejudice to his trial strategy outweighed considerations of judicial economy in proceeding with a single trial." *United States v. Williamson*, 482 F.2d 508, 512 (5th Cir. 1973).

In addition, in conspiracy cases, the Fifth Circuit "generally favor[s] specific instructions over severance." *Ledezma-Cepeda*, 894 F.3d at 690. "That is because it is generally presumed that juries follow the instructions given to them by the district court and are capable of compartmentalizing the evidence against each defendant." *Id.* (internal citations, brackets, and quotation marks omitted); *see also United States v. Zicree*, 605 F.2d 1381, 1388–89 (5th Cir. 1979) ("The test for such prejudice is [w]hether under all the circumstances of the particular case, . . . it is within the capacity of the jurors to follow the court's admonitory instructions and . . . collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct."). Even when the evidence in a case is "both massive and complex," the court can "explicitly instruct[] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009) (quoting *United States*

5

*v. Manzella*, 782 F.2d 533, 540 (5th Cir. 1986)) (internal quotation marks omitted). "Limiting instructions such as these are generally 'sufficient to prevent the threat of prejudice resulting from unsevered trials.'" *Id.* (quoting *United States v. Massey*, 827 F.2d 995, 1005 (5th Cir. 1987)).

### III.     ANALYSIS

Pursuant to Rule 14, Defendant seeks severance from all other codefendants in this case. Defendant argues severance is necessary to: (1) protect his right to a speedy trial; (2) prevent juror confusion due to evidentiary spillover; (3) protect Defendant's right to remain silent; and (4) protect Defendant's right to confront witnesses against him.

#### A. SPEEDY TRIAL

Defendant argues that being tried along with his codefendants would violate his right to a speedy trial. *See* Dkt. 527 at 3–5. Specifically, Defendant argues that the continuance sought by eight co-defendants would preclude his speedy trial right under the Sixth Amendment and the Speedy Trial Act. *See* Dkt. 527 at 4.

**1. The Sixth Amendment**

The Sixth Amendment affords defendants "the right to a speedy . . . trial." U.S. CONST. amend. VI. "Determining whether the Sixth Amendment speedy trial right has been violated involves evaluating and balancing the earlier referenced four factors identified in *Barker*; they are: '(1) the length of the delay, (2) the reason for [it], (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice from the defendant resulting from the delay.'" *United States v. Frye*, 372 F.3d 729, 735 (5th Cir. 2004) (quoting *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002); *Barker v. Wingo*, 407 U.S. 514 (1972)).

In considering the factors laid out in *Barker*, the Court notes Defendant's trial date has been delayed by an estimated nine months. *Compare* Dkt. 432, Dkt. 577. The reason for the delay

includes the requests for continuance by co-defendants and the government, in a matter the Court has deemed complex. *See* Dkt. 327. Defendant filed a response in opposition to a motion for extension of time and the granting of a continuation of trial on January 30, 2019 (Dkt. 525), as well as the instant Motion. While the trial setting has been previously reset (*see* Dkt. 453), no other acts were undertaken by Defendant to diligently assert Defendant's Sixth Amendment Right. Defendant asserts the delay will prejudice Defendant; however, Defendant does not explain what prejudice will result from the pretrial deadlines as scheduled. *See* Dkt. 527 at 4–5. Rather, Defendant argues he would be prejudiced by the presentation of joint evidence against all co-defendants. That is not relevant to Defendant's speedy trial analysis. Accordingly, considering the *Baker* factors, the Court finds Defendant has not established a violation of his constitutional right to a speedy trial.

### 2. The Speedy Trial Act

The Speedy Trial Act is distinct from Defendant's constitutional speedy trial rights. The Speedy Trial Act requires commencement of trial within seventy non-excludable days of the information or indictment, or when the defendant first appears before the court, whichever is later. 18 U.S.C. § 3161(c)(1); *see also U.S. v. Parker*, 505 F.3d 323, 326–27 (5th Cir. 2007). A few actions toll the seventy-day clock. The first is for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this exclusion, "the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court." *United States v. Franklin,* 148 F.3d 451, 455 (5th Cir. 1998). Second, because an excludable delay of one codefendant is attributable to all codefendants, one codefendant's motion applies to the speedy trial computation of his codefendants. *Id.* This provision "tolls the speedy

trial clock during all delays between the filing of a motion and the conclusion of the hearing on that motion, regardless of whether the delay in holding that hearing is 'reasonably necessary.'" *United States v. Bermea,* 30 F.3d 1539, 1566 (5th Cir. 1994) (quoting *Henderson v. United States,* 476 U.S. 321, 330 (1986)). Additionally, a finding by the court that a matter is "complex," pursuant to an ends-of-justice finding on the record, tolls the matter, if the court finds that it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the seventy-day time limit. *See* 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii). On the other hand, the government may not toll the speedy trial clock merely by filling superseding indictments. *Id.* at 1567.

The Government states Defendant's case was deemed complex on April 30, 2018, due to the complex discovery required. *See* Dkt. 327; *see also* 18 U.S.C. § 3161(h)(7)(B)(ii). Defendant denies that his case was found to be complex. *See* Dkt. 527 at 4. The Court entered an order finding the entire case complex on April 30, 2018. *See* Dkt. 327. Defendant had not yet been arrested. However, the Court's finding of complexity applies to the entire case, including those arrested following the finding. Accordingly, the tolling provisions of 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii) govern Defendant's Speedy Trial Act rights.

Defendant does not argue that seventy non-excludable days will elapse prior to trial. Nor does Defendant establish, or even argue, that the Court erred in granting the motions to continue in this matter. *See* Dkt. 527 at 4 ("It is understandable for the listed defendants that had requested a continuance to negotiate or enter a plea[.]"). Further, Defendant does not address the Court's finding that this case is complex, and that it is therefore unreasonable to expect adequate preparation for trial in seventy non-exclusionary days. Defendant does not establish any violation of the Speedy Trial Act.

Accordingly, the Court finds Defendant does not carry his burden to establish prejudice or error under either his constitutional or Speedy Trial Act right to a speedy trial.

### B. EVIDENTIARY SPILLOVER

Defendant argues that because Defendant "is the defendant that is 'laundering the money[,]' and that he was not one to possess with the intent to distribute methamphetamine and cocaine[,]" introduction of evidence by the government regarding all defendants "would only confuse the jury as to [Defendant's] alleged involvement." *See* Dkt. 527 at 5.

"Criminal defendants indicted and tried together often claim prejudice resulting from the spillover effect; that is, prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant, such as evidence of the codefendants' other crimes or bad conduct." *United States v. Potashnik*, 2008 WL 5272807, at *8 (N.D. Tex. Dec. 17, 2008). When considering severance based on evidentiary concerns, "the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)) (citations omitted). "The risk of prejudice will vary with the facts in each case[.]" *Zafiro*, 506 U.S. at 539. "Evidence of the reputation or past crimes of a co-defendant does not ordinarily justify severance." *Harrelson*, 754 F.2d at 1178 (collecting cases). Further, "a quantitative disparity in the evidence [among co-defendants] is clearly insufficient in itself ot justify severance." *Pofahl*, 990 F.2d at 1483 (internal quotation marks and citation omitted). Moreover, "prejudice that may result from introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant . . . does not require severance." *Potashnik*, 2008 WL 5272807, at *8.

As a general rule, even if more damaging evidence is presented against one defendant than another, "severance is not the proper means of confining 'spillover' evidence. The pernicious

9

effect of [ac]cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government." *United States v. Allen*, 2011 WL 2326972, at *2 (N.D. Tex. June 14, 2011) (citing *United States v. Piaget*, 915 F.3d 138, 142 (5th Cir. 1990)). The Fifth Circuit has repeatedly ruled that limiting instructions are adequate to remedy most potential prejudice. *United States v. Neal*, 27 F.3d 10335, 1046 (5th Cir. 1994) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."); *Bullock*, 71 F.3d at 175 (Prejudice "c[an] be cured with proper instructions and juries are presumed to follow their instructions.").

      Defendant argues that a joint trial with his codefendants will lead to a prejudicial spillover effect because other defendants have made admissions, committed prior wrongdoing, and engaged in conduct that was different from that which Defendant believes he is accused of committing. *See* Dkt. 527 at 3, 5. Defendant argues that the testimony by and about Defendant's codefendants will prejudice the jury in Defendant's case. *See id*. The Government argues any risk of prejudice or confusion is lessened by the fact that only a few defendants continue to seek a jury trial, and argues confusion can be cured through jury instructions. *See* Dkt. 543 at 9–10. Further, the Government argues that the transactions and events in this case are "straight-forward" but that the cost of severance into multiple trials would be high. *See id*. at 10.

      Defendant does not establish the type of prejudice necessary to justify severance under a spillover analysis. Defendant does not establish that egregious, "highly inflammatory" type evidence, which cannot be cured by jury instructions, will be introduced by his co-defendants. *See United States v. Cortinas*, 142 F.3d 242, 248 (5th Cir. 1998) (Finding that in a drug trafficking conspiracy, evidence about the violent acts of a motorcycle gang who had joined the conspiracy after the appellants had withdrawn from the case required severance.). Further, while Defendant's

10

coconspirators may have a criminal history, this alone is not sufficient to justify severance. *See United States v. Rocha*, 916 F.2d 219, 228–29 (5th Cir. 1990). Additionally, as previously stated, "a quantitative disparity in evidence [among codefendants] is clearly insufficient in itself to justify severance." *Pofahl*, 990 F.2d at 1483 (internal quotation marks and citation omitted). Defendant has not carried his "difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder" on this ground. *Zicree*, 605 F.2d at 1388–89. Defendant has not addressed jury instructions to consider separately the evidence offered against each defendant would be insufficient to cure any alleged prejudice. *See, e.g., United States v. Berkowitz*, 662 F.2d 1127, 1135 (5th Cir. 1981).

### C. RIGHT TO REMAIN SILENT

Defendant argues that "a joint trial of this cause will hamper his fundamental right to remain silent." *See* Dkt. 527 at 5. Defendant argues that because some of his codefendants may testify at trial, the codefendant's "right to comment is inconsistent with [Defendant's] right to remain silent." *Id*. Defendant does not identify a specific witness who may implicate him.

In *De Luna v. United States*, 308 F.2d 140, 142 (5th Cir. 1962), the Fifth Circuit addressed a case in which one defendant testified, implicating the non-testifying codefendant. The testifying defendant's counsel repeatedly emphasized the non-testifying defendant's silence in closing argument. *Id*. at 143. The Fifth Circuit reversed the district court's denial of severance based on the "head-on collision between the two defendants, the repetition of the comments, and the extended colloquy over the comments between the trial judge and the lawyers." *Id*. at 154. *Le Luna*'s holding has been limited to situations in which co-defendants tried in the same trial assert mutually exclusive or irreconcilably antagonistic defenses. *See United States v. Sandoval*, 847 F.2d 179, 183 (5th Cir. 1988) (holding that severance is justified only when the defenses are

11

"antagonistic to the point of being mutually exclusive or irreconcilable, so that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other."); *United States v. Fisch*, 2015 WL 128090, at *3 (S.D. Tex. Jan. 8, 2015); *United States v. Sandoval*, 913 F. Supp. 498, 500–01 (S.D. Tex. 1995) (collecting cases). The record provides no basis for the Court to conclude that any of Defendant's co-defendants will assert antagonistic, mutually exclusive, and irreconcilable defenses to Defendant's own defense, so as to require severance. If some defendants choose to testify, Defendant can request a jury instruction that no inference may be drawn from a defendant's decision not to testify.

### D. RIGHT TO CONFRONT WITNESSES

Defendant argues "[a] joint trial will also prejudice MR. MORALES' right to a fair trial by infringing upon his right to confront the witnesses against him." Dkt. 527 at 6 (emphasis in original). Defendant asserts that "[i]t is highly likely in this case that one or more of[] the other defendant's statements will be offered into evidence in the trial." *Id*.

A defendant's Sixth Amendment right to confrontation is violated when (1) several co-defendants are tried jointly, (2) one defendant's extrajudicial statement is used to implicate another defendant in the crime, and (3) the confessor does not take the stand and is thus not subject to cross-examination. *Bruton v. United States,* 391 U.S. 123, 127 (1968), *cert. denied,* 397 U.S. 1014, (1970). Under these circumstances, "[s]everance of the trials is proper, but only in cases where a defendant's statement *directly* incriminates his or her co-defendants without reference to other, admissible evidence." *United States v. Beaumont,* 972 F.2d 91, 95 (5th Cir. 1992) (emphasis added). *Bruton* is not violated unless the co-defendant's statement *directly* alludes to the appellant, even if the evidence "makes it apparent that the defendant was implicated by some *indirect* references." *Id.,* quoting *United States v. Espinoza–Seanez,* 862 F.2d 526, 534 (5th Cir. 1988).

*Bruton* does not apply to (1) statements that do not directly incriminate other coconspirators; or (2) statements falling within certain hearsay exceptions, including coconspirator statements made during and in furtherance of the conspiracy. *United States v. Redd*, 2009 WL 348831 (5th Cir. 2009) (slip copy).

Defendant does not articulate the necessary facts to raise a successful *Bruton* challenge. Defendant does not assert that any specific statement is likely to be admitted; therefore, Defendant cannot establish that any statement will directly incriminate him. This argument is purely conjecture about what *may* be raised at trial and does not establish that Defendant's rights under the Confrontation Clause will be violated.

## IV. CONCLUSION

The Court has carefully considered the legal arguments and applicable law summarized above, as well as the allegations in the Indictment. Upon review, the Court recommends Defendant's Motion to Sever (Dkt. 527) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 23rd day of May, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE